# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2022

Lyle W. Cayce
Clerk

No. 21-10888

Marsha Jackson,

*Plaintiff—Appellant*,

*versus*

City of Dallas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-967

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:[*]

After an illegal shingle recycling facility operated on an industrially zoned lot next to her home, Marsha Jackson brought an equal protection claim against the City of Dallas for its alleged racially discriminatory zoning scheme. The district court dismissed Jackson's claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) because Jackson failed to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10888

plausibly allege the City's zoning policy was the moving force behind the illegal shingle operation. Specifically, because Jackson alleged the shingle operation violated the City's zoning policy and the deed restrictions the City placed on the lot, the district court concluded there was not a plausible causal connection between the policy and the alleged constitutional violation. *See Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) ("The 'moving force' inquiry imposes a causation standard higher than 'but for' causation." (citation omitted)). Having reviewed Jackson's allegations de novo, we conclude there is no reversible error in the district court's analysis. And much of Jackson's argument in this court focuses on a theory of discrimination—that the City's initial decision to zone the land for industrial use was racially motivated—that was not advanced in the district court and is thus forfeited. Accordingly, we AFFIRM.